12-12-00402-CV

FILED
LORI OLIVER
DISTRICT CLERK
2012 NOV 20 P 1:32

SHELBY COUNTY, TEXAS
DISTRICT COURT
SHELBY COUNTY, TEXAS
BY 123RD JUDICIAL DISTRICT

**CAUSE NO. 11CV31714**

IN THE INTEREST OF

§
§
§
§
§
§
§

**IN THE DISTRICT COURT OF**

SHOBONIQUE BUCKLEY
THOMAS BUCKLEY, JR.

**SHELBY COUNTY, TEXAS**

CHILDREN

**ORDER OF TERMINATION**

On **October 12, 2012**, the Court heard this case in a De Novo Trial.

1.    **Appearances**

1.1.    The Department of Family and Protective Services ("the Department") appeared through **STARLA HALL**, supervisor, and by attorney, **GARY RHOLES**, and announced ready.

1.2.    Respondent Mother **KIMBERLY BROWN**

☐ appeared in person and announced ready.
☐ appeared through attorney of record **DEXTER "DECK" JONES** and announced ready.
☑ appeared in person and through attorney of record **DEXTER "DECK" JONES** and announced ready.
☐ waived issuance and service of citation by waiver duly filed.
☐ agreed to the terms of this order as evidenced by signature below.
☐ although duly and properly notified, did not appear.
☐ was not notified, and did not appear.

1.3.    Respondent Father **THOMAS BUCKLEY**

☐ appeared in person and announced ready.
☐ appeared through attorney of record **STEPHEN SHIRES** and announced ready.
☑ appeared in person and through attorney of record **STEPHEN SHIRES** and announced ready.
☐ waived issuance and service of citation by waiver duly filed.
☐ agreed to the terms of this order as evidenced by signature below.
☐ although duly and properly notified, did not appear.
☐ was not notified, and did not appear.

1.4.    **CORNELIA HARTMAN**, appointed by the Court as Attorney/Guardian *Ad Litem* of the children the subject of this suit,

☑ appeared and announced ready.
☐ agreed to the terms of this order as evidenced by signature below.
☐ although duly and properly notified, did not appear.

1.5.  Also Appearing _____C A S A_____

2. **Jurisdiction and Service of Process**

2.1.  The Court, having examined the record and heard the evidence and argument of counsel, finds the following:

2.1.1. a request for identification of a court of continuing, exclusive jurisdiction has been made as required by Section 155.101, Texas Family Code.

2.1.2. this Court has jurisdiction of this case and of all the parties and that no other court has continuing, exclusive jurisdiction of this case.

2.2.  The Court, having examined the record and heard the evidence and argument of counsel, finds that the State of Texas has jurisdiction to render final orders regarding the children the subject of this suit pursuant to Subchapter C, Chapter 152, Texas Family Code, by virtue of the fact that Texas is the home state of the children.

2.3.  The Court finds that all persons entitled to citation were properly cited.

2.4   The referring Court held a De Novo Trial following an appeal from associate judge's ruling per Texas Family Code §261.1042.

3. **Jury**

A jury was waived, and all questions of fact and of law were submitted to the Court.

4. **Record**

The record of testimony was duly reported by the court reporter for the 123rd Judicial District Court of Shelby County.

5. **The Children**

The Court finds that the following children are the subject of this suit:

5.1.

| | |
|---|---|
| Name: | **SHOBONIQUE BUCKLEY** |
| Sex: | **Female** |
| Birth Date: | **January 6, 2010** |
| Present Residence: | **Foster Home** |
| Driver's License Number: | **n/a** |

| 5.2. | Name: | **THOMAS BUCKLEY, JR.** |
|------|-------|-------------------------|
| | Sex: | **Male** |
| | Birth Date: | **April 18, 2011** |
| | Present Residence: | **Foster Home** |
| | Driver's License Number: | **n/a** |

## 6. Termination of Respondent Mother KIMBERLY BROWN'S Parental Rights

6.1. The Court finds by clear and convincing evidence that termination of the parent-child relationship between **KIMBERLY BROWN** and the children the subject of this suit is in the children's best interest.

6.2. Further, the Court finds by clear and convincing evidence that **KIMBERLY BROWN** has:

6.2.1. knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endanger the physical or emotional well-being of the children;

6.2.2. engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangers the physical or emotional well-being of the children;

6.2.3. failed to comply with the provisions of a court order that specifically established the actions necessary for the mother to obtain the return of the children who have been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the children's removal from the parent under Chapter 262 for the abuse or neglect of the children.

6.2.4. The Court finds that the Department has made reasonable efforts to return the children to the mother.

6.3. **IT IS THEREFORE ORDERED** that the parent-child relationship between **KIMBERLY BROWN** and the children the subject of this suit is **terminated**.

## 7. Termination of Respondent Father THOMAS BUCKLEY'S Parental Rights

7.1. The Court finds by clear and convincing evidence that termination of the parent-child relationship between **THOMAS BUCKLEY** and the children the subject of this suit is in the children's best interest.

7.2. Further, the Court finds by clear and convincing evidence that **THOMAS BUCKLEY** has:

7.2.1. knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endanger the physical or emotional well-being of the children;

7.2.2. engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangers the physical or emotional well-being of the children;

7.2.3. failed to comply with the provisions of a court order that specifically established the actions necessary for the father to obtain the return of the children who have been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the children's removal from the parent under Chapter 262 for the abuse or neglect of the children.

7.2.4. The Court finds that the Department has made reasonable efforts to return the children to the father.

7.3. **IT IS THEREFORE ORDERED** that the parent-child relationship between **THOMAS BUCKLEY** and the children is **terminated**.

## 8. Interstate Compact

The Court finds that Petitioner has filed a verified allegation or statement regarding compliance with the Interstate Compact on the Placement of Children as required by § 162.002(b)(1) of the Texas Family Code.

## 9. Managing Conservatorship: SHOBONIQUE BUCKLEY

9.1. The Court finds that the appointment of the Respondents as permanent managing conservator of the children is not in the children's best interest because the appointment would significantly impair children's physical health or emotional development.

9.2. **IT IS ORDERED** that the **DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES** is appointed Permanent Managing Conservator of **SHOBONIQUE BUCKLEY**, a child the subject of this suit, with the rights and duties specified in § 153.371, Texas Family Code; the Court finding this appointment to be in the best interest of the child.

9.2.1. In addition to these rights and duties, **IT IS ORDERED** that the Department is authorized to consent to the medical care for **SHOBONIQUE BUCKLEY** under § 266.004, Texas Family Code.

## 10. Managing Conservatorship: THOMAS BUCKLEY, JR.

10.1. The Court finds that the appointment of the Respondents as permanent managing conservator of the children is not in the children's best interest because the appointment would significantly impair children's physical health or emotional development.

10.2.  **IT IS ORDERED** that the **DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES** is appointed Permanent Managing Conservator of **THOMAS BUCKLEY, JR.**, a child the subject of this suit, with the rights and duties specified in § 153.371, Texas Family Code; the Court finding this appointment to be in the best interest of the child.

10.2.1. In addition to these rights and duties, **IT IS ORDERED** that the Department is authorized to consent to the medical care for **THOMAS BUCKLEY, JR.** under § 266.004, Texas Family Code.

## 11.  Required Information Regarding the Parties and Children

11.1.  The children's information is provided above; the information required of each party not exempted from such disclosure is:

11.1.1.

| | |
|---|---|
| Name: | **KIMBERLY BROWN** |
| Driver's License: | |
| Current address: | **825 Hughes St., Center, TX 75935** |
| Home telephone number: | |
| Name of employer: | |
| Address of employment: | |
| Work telephone number: | |

11.1.2.

| | |
|---|---|
| Name: | **THOMAS BUCKLEY** |
| Driver's License: | |
| Current address: | **825 Hughes St., Center, TX 75935** |
| Home telephone number: | |
| Name of employer: | |
| Address of employment: | |
| Work telephone number: | |

11.2.  **IT IS ORDERED** that each parent, who has not previously done so, provide information regarding the medical history of the parent and parent's ancestors on the medical history report form, pursuant to § 161.2021, Texas Family Code.

## 12.  Continuation of Court-Ordered Ad Litem or Advocate

12.1.  The Court finds that the children the subject of this suit will continue in care and this Court will continue to review the placement, progress and welfare of the children.

12.2.  **IT IS THEREFORE ORDERED** that **CORNELIA HARTMAN**, earlier appointed as Attorney *Ad Litem* to represent the best interest of the children, is continued in this relationship until further order of this Court or final disposition of this suit.

12.3.  **IT IS THEREFORE ORDERED** that **CASA OF DEEP EAST TEXAS**, earlier appointed as Guardian *Ad Litem* to represent the interests of the children, is continued in this relationship until further order of this Court or final disposition of this suit.

13. **Court Ordered Ad Litem for Parent**

13.1. **IT IS ORDERED** that **DEXTER "DECK" JONES** for **KIMBERLY BROWN** earlier appointed to represent **KIMBERLY BROWN** shall continue in that capacity until all appeals of a final order terminating parental rights are exhausted or waived.

13.2. **IT IS THEREFORE ORDERED** that **STEPHEN SHIRES** for **THOMAS BUCKLEY** earlier appointed to represent **THOMAS BUCKLEY** shall continue in that capacity until all appeals of a final order terminating parental rights are exhausted or waived.

14. **Dismissal of Other Court-Ordered Relationships**

Except as otherwise provided in this order, any other existing court-ordered relationships with the children the subject of this suit are hereby terminated and any parties claiming a court-ordered relationship with the children are dismissed from this suit.

15. **Inheritance Rights**

This Order shall not affect the right of any child to inherit from and through any party.

16. **Denial of Other Relief**

**IT IS ORDERED** that all relief requested in this case and not expressly granted is denied.

17. **WARNING: APPEAL OF FINAL ORDER, PURSUANT TO § 263.405, TFC**

**A PARTY AFFECTED BY THIS ORDER HAS THE RIGHT TO APPEAL AN APPEAL IN A SUIT IN WHICH TERMINATION OF THE PARENT-CHILD RELATIONSHIP IS SOUGHT IS GOVERNED BY THE PROCEDURES FOR ACCELERATED APPEALS IN CIVIL CASES UNDER THE TEXAS RULES OF APPELLATE PROCEDURE. FAILURE TO FOLLOW THE TEXAS RULES OF APPELLATE PROCEDURE FOR ACCELERATED APPEALS MAY RESULT IN THE DISMISSAL OF THE APPEAL.**

18. **NOTICE TO ANY PEACE OFFICER OF THE STATE OF TEXAS:**

**YOU MAY USE REASONABLE EFFORTS TO ENFORCE THE TERMS OF CHILD CUSTODY SPECIFIED IN THIS ORDER. A PEACE OFFICER WHO RELIES ON THE TERMS OF A COURT ORDER AND THE OFFICER'S AGENCY ARE ENTITLED TO THE APPLICABLE IMMUNITY AGAINST ANY CLAIM, CIVIL OR OTHERWISE, REGARDING THE OFFICER'S GOOD FAITH ACTS PERFORMED IN THE SCOPE OF THE OFFICER'S DUTIES IN ENFORCING THE TERMS OF THE ORDER THAT RELATE TO CHILD CUSTODY. ANY PERSON WHO KNOWINGLY PRESENTS FOR ENFORCEMENT AN ORDER THAT IS**

**INVALID OR NO LONGER IN EFFECT COMMITS AN OFFENSE THAT MAY BE PUNISHABLE BY CONFINEMENT IN JAIL FOR AS LONG AS TWO YEARS AND A FINE OF AS MUCH AS $10,000.**

SIGNED this **20** day of **November**, 2012

_____
JUDGE PRESIDING

**APPROVED AS TO FORM:**

_____
Gary Rholes, Attorney for Petitioner
Department of Family and Protective Services
518 Nacogdoches Street
Center, Texas 75935
*phone:* (936) 598-6109
*fax:* (936) 598-9184
State Bar # 16824740

_____
Cornelia Hartman
Attorney At Law
123 San Augustine Street
Center, Texas 75935-3951
*phone:* (936) 598-3999
*fax:* (936) 598-3031
State Bar # 09159850
*Attorney/Guardian Ad Litem for the Children*

_____
Dexter "Deck" Jones
Attorney At Law
P.O. Box 419
Center, Texas 75935
*phone:* (936) 598-5737
*fax:* (936) 598-5859
State Bar # 10869900
*Attorney for Kimberly Brown*

_____
Stephen Shires
Attorney At Law
403 Nacogdoches Street
Center, Texas 75935
*phone:* (936) 598-9400
*fax:* (936) 598-6122
State Bar # 50511894
*Attorney for Thomas Buckley*

_____
CASA of Deep East Texas